## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THE ESTATE OF DONALD
J. JACK, by and through JESSICA
GUNTER, Personal Representative,

      Plaintiff,

v.

CCRC OPCO- FREEDOM SQUARE,
LLC;   HCP, INC. a/k/a HCP INC. OF
MARYLAND n/k/a HEALTHPEAK
PROPERTIES, INC.; BROOKDALE
SENIOR LIVING, INC; BKD
TWENTY-ONE MANAGEMENT
COMPANY, INC.; AMERICAN
RETIREMENT CORPORATION;
LIFE CARE SERVICES, LLC; and,
CYNTHIA AYALA (as to SEMINOLE
PAVILION REHABILITATION AND
NURSING SERVICES),

      Defendants.

**CIVIL ACTION FILE NO:**
_____

**Removed from the State Court of
Pinellas County, Florida**

**Civil Action File Number
20-002755-CI**

_____

### NOTICE OF REMOVAL
_____

COME NOW, Defendants CCRC OPCO-Freedom Square, LLC; HCP, Inc. a/k/a

HCP, Inc. of Maryland n/k/a Healthpeak Properties, Inc.; Brookdale Senior Living, Inc.;

BKD Twenty-One Management Company, Inc.; American Retirement Corporation; Life

Care Services, LLC; and Cynthia Ayala, by and through their undersigned counsel, and

hereby give notice of the removal of the above-captioned case from the State Court of

Pinellas County, to the United States District Court for the Middle District of Florida,

Tampa Division, reserving all defenses and all objections to venue based on 42 U.S.C.A. § 247d-6d(e)(1), pursuant to 28 U.S.C.A. §§ 1441 and 1446, on the following grounds:

## I.    STATEMENT OF THE CASE

1.    Plaintiff commenced this action by filing a complaint (the "Complaint") on June 8, 2020, in the State Court of Pinellas County, Florida, Civil Case Number 20-002755-CI (the "State Court Action"). A true and correct copy of all pleadings, process, and orders in Defendants' possession (including the Summons and Complaint) are attached hereto as Exhibit "A".

2.    The Complaint asserts causes of action for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, violations of Florida Statute §415.1111, and violation of Florida's Deceptive and Unfair Trade Practices Act arising from the residency of Plaintiff's decedent relative to Defendants' administration and/or use of facemasks and other personal protective equipment, as well as other measures taken to prevent or mitigate the spread of COVID-19. (Compl. ¶¶ 46, 51).

3.    Under 28 U.S.C.A. § 1446(b), this Notice of Removal must be filed within 30 days of receiving the Complaint. Because Defendants received service of the Complaint between June 19, 2020, and June 23, 2020, this Notice of Removal is timely.

      a.   Defendant CCRC OPCO-Freedom Square, LLC, was served through its registered agent, CT Corporation System, on June 19, 2020.

b.   Defendant HCP, Inc. a/k/a HCP, Inc. of Maryland n/k/a Healthpeak Properties, Inc. was served through its registered agent, CT Corporation System, on June 19, 2020.

c.   Defendant Brookdale Senior Living, Inc., was served through its registered agent, Corporation Service Company, on June 19, 2020.

d.   Defendant BKD Twenty-One Management Company, Inc., was served through its registered agent, Corporation Service Company, on June 19, 2020.

e.   Defendant American Retirement Corporation was served through its registered agent, Corporation Service Company, on June 19, 2020.

f.   Defendant Life Care Services, LLC was served through its registered agent, Cogency Global, Inc., on June 19, 2020.

g.   Defendant Cynthia Ayala was served on June 23, 2020.

## II.   PROCEDURAL REQUIREMENTS HAVE BEEN MET

4.   Defendants file this notice in the above-styled case in joinder with each other and with the explicit consent of co-Defendants pursuant to 28 U.S.C.A. § 1446(b)(2)(A).[1]

5.   Concurrent with the filing of this Notice, Defendants are serving this Notice of Removal on all other parties pursuant to 28 U.S.C.A. § 1446(d).

6.   The United States District Court for the Middle District of Florida, Tampa Division, embraces Pinellas County, the county in which the State Court Action is

---

[1] Undersigned counsel represents all named Defendants in this matter.

now pending. Venue is therefore proper for this Notice of Removal under 28
U.S.C.A. §§ 90(a)(2) and 1446(a).

### III.      ARGUMENT AND CITATION TO AUTHORITY

### Federal Question Jurisdiction Under 28 U.S.C.A. § 1441(a)

7.     This case is removable under 28 U.S.C.A. § 1441(a) on the basis of "original

jurisdiction" because Plaintiff's Complaint asserts a claim "arising under" federal

law within the meaning of § 1331.

8.     On its face, the allegations contained in the Complaint reflect that a "covered

person" was involved in a "recommended activity" relative to a "covered

countermeasure" and therefore presents a Federal Question under the Public

Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C.A. §§ 247d-

6d, 247d-6e (West 2020).

9.     As such, Congress provided an exclusive remedy for the substance of the

allegations and relief sought in the Complaint and Federal law expressly pre-

empts state law for purposes of federal question jurisdiction. *See* Public Readiness

and Emergency Preparedness Act (PREP Act), 42 U.S.C.A. §§ 247d-6d, 247d-6e

(West 2020).

10.    The issue of whether federal question jurisdiction exists when a Complaint

attempts to only assert a claim in state law is addressed in *Beneficial Nat. Bank v.*

*Anderson*, 539 U.S. 1 (2003). The Court explained:

> [A] state claim may be removed to federal court … when a
> federal statute wholly displaces the state-law cause of
> action through **complete pre-emption**. When the federal
> statute completely pre-empts the state-law cause of action,

> a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.
>
> In the two categories of cases https://1.next.westlaw.com/Document/I64fa99c29c9711d9b c61beebb95be672/View/FullText.html?transitionType=Uni queDocItem&contextData=(sc.UserEnteredCitation)&user EnteredCitation=539+U.S.+1%20- %20co_footnote_B00542003391166 where this Court has found complete pre-emption … the federal statutes at issue **provided the exclusive cause of action** for the claim asserted and also **set forth procedures and remedies governing that cause of action**.

*Id.* at 8 (emphasis supplied; internal citations and footnotes omitted).

11.   In *Beneficial Nat. Bank*, the plaintiff brought an action for usury under state law, which was preempted by the usury provisions of the National Bank Act (12 U.S.C.A. §§ 85 and 86). The Court held that the usury provisions under §§ 85 and 86 collectively "supersede both the substantive and the remedial provisions of state usury laws and create a federal remedy for overcharges that is exclusive." *Beneficial Nat. Bank, supra,* at 11. Therefore, the court held that federal question was proper under the "complete preemption" doctrine.

12.   Thus, Circuit Courts and District Courts have subsequently found "complete preemption" where a federal statute expressly preempts state law and creates an exclusive federal remedy for preempted state claims. *See, e.g., In re WTC Disaster Site*, 414 F3d 352, 380 (2d Cir. 2005); *Spear Marketing, Inc. v. BancorpSouth Bank*, 791 F.3d 586 (5th Cir. 2015); *Nott v. Aetna U.S. Healthcare, Inc.*, 303 F.Supp.2d 565 (E.D.Pa. 2004).

13.   As set forth below, Plaintiff's tort claims are completely preempted by the PREP
      Act found at 42 U.S.C.A. §§ 247d-6d and 247d-6e.

14.   Under 42 U.S.C.A. § 247d-6d(a), a "covered person" is afforded broad immunity
      for all "claims for loss arising out of, relating to, or resulting from" the
      "administration" or "use" of a "covered countermeasure" as those terms are
      defined by that section, provided the Secretary of the Department of Health and
      Human Services (HHS) issues a declaration to that effect.

15.   For all claims barred by immunity under 42 U.S.C.A. § 247d-6d that do not assert
      "willful misconduct," the exclusive remedy for relief is established under § 247d-
      6e, which permits an individual may make a claim for a "covered injury directly
      caused by the administration or use of a covered countermeasure." In fact, and for
      purposes of illustrating Congress's intent to address all claims, even a claimant
      alleging "willful misconduct" must first apply for benefits under § 247d-6e before
      bringing an action under § 247d-6d(d). *Id*. § 247d-6e(d)(1).

16.   Moreover, under 42 U.S.C.A. § 247d-6d(b)(8), state law that "is different from, or
      in conflict with, any requirement applicable [for immunity]" is expressly
      preempted.

17.   Therefore, Congress has clearly manifested the intent to preempt state law with
      respect to claims that invoke PREP Act immunity and to create an exclusive
      federal remedy for such preempted claims, thereby "completely preempting" state
      law for purposes of federal question jurisdiction.

18.   Here, Defendant is a "covered person" in that Defendant is both a "qualified person" and "program planner" under 42 U.S.C.A. § 247d-6d(i)(2)(B).

19.   Plaintiff's claim for loss "arises out of, relates to, or results from" the administration and/or use of a "covered countermeasure" obtained through a "means of distribution," to a "population," and within a "geographic area," or reasonably believed so by Defendant, for the purpose of treating, diagnosing, curing, preventing, or mitigating COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom, as such terms are defined within the Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020), the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), *amended by* 85 Fed. Reg. 21012 (Apr. 15, 2020), and all corresponding amendments, regulations, and interpretational case law.

20.   At the time of the allegations set forth in the Complaint, Defendants were acting as a "program planner" that supervised and/or administered the infection control and COVID-19 specific programs in the treatment of COVID-19 patients, under which countermeasures, including, but not limited to, the use of facemasks and other personal protective equipment, visitation restrictions, and screening requirements at the Facility while the decedent was admitted in an effort to prevent or mitigate the spread of COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom.

21.     At the time of the allegations set forth in the Complaint, Defendants and their

        staff were also acting as "qualified persons." Seminole Pavilion Rehabilitation

        and Nursing Services is licensed as an skilled nursing facility by the Florida

        Agency for Health Care Administration and employs licensed nursing personnel

        for the purpose of developing and implementing policies, procedures, and other

        countermeasures to prevent, limit, and/or control the spread of COVID-19. *See* 42

        U.S.C. § 247d-6d(i)(8); 85 Fed. Reg. 15198, 15202-15203 (Mar. 17, 2020).

        Likewise, Defendant's staff members include Registered Nurses and Licensed

        Practical Nurses licensed in the state of Florida and are therefore "covered

        persons" authorized to administer FDA-approved COVID-19 devices, tests, and

        medications used to treat the same. Defendant's staff implemented certain

        countermeasures in relation to COVID-19, including, but not limited to, the use of

        personal protective equipment, visitation restrictions, and screening requirements.

        Under the FDA's Emergency Use Authorization dated April 24, 2020, facemasks

        were authorized under an umbrella authorization when used by healthcare

        providers to cover their noses and mouths in accordance with Centers for Disease

        Control and Prevention recommendations.

22.     At the time of the allegations set forth in the Complaint, Defendant was engaged

        in both the management and operation of countermeasure programs, including

        infection control programs featuring visitation restrictions and screening

        requirements, and the administration and/or use of countermeasures to prevent

        and/or mitigate COVID-19 or the transmission of SARS-CoV-2 or a virus

mutating therefrom to a "population" and within a "geographic area" specified by the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), and all amendments thereto, or reasonably believed so by Defendant. For example, facemasks used to prevent or mitigate the spread of COVID-19 are qualified pandemic or epidemic products, as defined by 42 U.S.C.A. § 247d-6d(i)(7), as a device used, designed, and developed to mitigate or prevent the spread of COVID-19 and were authorized for emergency use in accordance with section 564, 564A, or 564B of the Federal Food, Drug, and Cosmetic Act. Additionally, the facemasks were administered and/or used in accordance with the public health and medical response of the State of Florida or reasonably believed so by Defendant. Plaintiff's claim for loss "arises out of, relates to, or results from" the administration and/or use of such "covered countermeasure."

23.     Therefore, Plaintiff's Complaint invokes a federal question for which the governing federal law "completely preempts" plaintiff's state law claims, and removal is proper under 28 U.S.C.A. § 1441(a).

**WHEREFORE**, having shown that this case is properly removable, Defendants provide notice pursuant to 28 U.S.C.A. § 1446 that the Action pending in State Court of Pinellas County Florida, Civil Action No. 20EV002533 is removed to the United States District Court for the Middle District and respectfully requests that this Court exercise jurisdiction over this case.

Respectfully submitted this 8th day of July, 2020.

*QUINTAIROS,   PRIETO,   WOOD   &
BOYER, P.A.*

/s/ Robin N. Khanal - Trial Counsel
ROBIN N. KHANAL, ESQUIRE
Florida Bar No.: 0571032
CHRISTOPHER E. BROWN, ESQUIRE
Florida Bar No.: 0071568
255 S. Orange Avenue, Suite 900
Orlando, Florida 32801
Tel: (407) 872-6011
Fax: (407) 872-6012
RNK.pleadings@qpwblaw.com
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

THE ESTATE OF DONALD
J. JACK, by and through JESSICA
GUNTER, Personal Representative,

      Plaintiff,

v.

CCRC OPCO- FREEDOM SQUARE,
LLC;   HCP, INC. a/k/a HCP INC. OF
MARYLAND n/k/a HEALTHPEAK
PROPERTIES, INC.; BROOKDALE
SENIOR LIVING, INC; BKD
TWENTY-ONE MANAGEMENT
COMPANY, INC.; AMERICAN
RETIREMENT CORPORATION;
LIFE CARE SERVICES, LLC; and,
CYNTHIA AYALA (as to SEMINOLE
PAVILION REHABILITATION AND
NURSING SERVICES),

      Defendants.

**CIVIL ACTION FILE NO:**
_____

**Removed from the State Court of
Pinellas County, Florida**

**Civil Action File Number
20-002755-CI**

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following parties of record below and by depositing a true copy of the same in the U.S. Mail, with adequate postage affixed thereon, addressed as follows:

Bennie Lazzara, Jr.
James L. Wilkes, II

11

Jason R. Delgado
Wilkes & McHugh, P.A.
1 N. Dale Mabry Highway, Suite 700
Tampa, Florida 33609

Respectfully submitted this 8th day of July, 2020.

> **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
>
> /s/ Robin N. Khanal -Trial Counsel
> ROBIN N. KHANAL, ESQUIRE
> Florida Bar No.: 0571032
> CHRISTOPHER E. BROWN, ESQUIRE
> Florida Bar No.: 0071568
> 255 S. Orange Avenue, Suite 900
> Orlando, Florida 32801
> Tel: (407) 872-6011
> Fax: (407) 872-6012
> RNK.pleadings@qpwblaw.com
> *Attorneys for Defendants*

JS 44   (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a)  PLAINTIFFS**

The Estate of Donald J. Jack, by and through Jessica Gunter, Personal Representative

**DEFENDANTS**

CCRC OPCO- Freedom Square, LLC Healthpeak Properties, Inc.; Brookdale Senior Living, Inc.; BKD Twenty-One Mgmt. Co., Inc.; American Retirement Corp.; Life Care Services, LLC; Cynthia Ayala

**(b)**   County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Wilkes & McHugh, P.A., 1 North Dale Mabry Highway, Suite 700, Tampa, FL 33609, (813) 873-0026

Attorneys *(If Known)*

Quintairos, Prieto, Wood & Boyer, P.A., 255 South Orange Avenue, Suite 900, Orlando, FL 32801, (407) 872-6011

**II.  BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT** *(Place an "X" in One Box Only)*                                                                          Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V.  ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1   Original Proceeding
- ☒ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

**VI.  CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C.A. 1441 and 1446

Brief description of cause:
Nursing home negligence/wrongful death

**VII.  REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:     ☒ Yes     ☐ No

**VIII.  RELATED CASE(S) IF ANY**   *(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE
07/08/2020

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____