**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JESSICA GUNTER,

    Plaintiff,

v.                                         Case No: 8:20-cv-1546-T-36TGW

CCRC OPCO- FREEDOM SQUARE, LLC,
HEALTHPEAK PROPERTIES, INC.,
BROOKDALE SENIOR LIVING, INC.,
BKD TWENTY-ONE MANAGEMENT
COMPANY, INC., AMERICAN
RETIREMENT CORPORATION, LIFE
CARE SERVICES LLC and CYNTHIA
AYALA,

    Defendants.

_____

**DEFENDANTS' ANSWER AND AFFIRAMTIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Defendants, CCRC OPCO- FREEDOM SQUARE, LLC; HCP, INC. a/k/a HCP INC. OF MARYLAND n/k/a HEALTHPEAK PROPERTIES, INC.; BROOKDALE SENIOR LIVING, INC; BKD TWENTY-ONE MANAGEMENT COMPANY, INC.; AMERICAN RETIREMENT CORPORATION; LIFE CARE SERVICES LLC; and, CYNTHIA AYALA, by and through the undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint [Doc. 01] and state as follows:

**INTRODUCTION**

Defendants expressly deny the unnumbered allegations addressed in the introduction to Plaintiff's Complaint.

## JURISDICTION, PARTIES AND VENUE ALLEGATIONS

1. Denied.

2. Admitted that Donald Jack was admitted to SEMINOLE PAVILION REHABILITATION AND NURSING SERVICES on or about April 2, 2020; otherwise denied.

3. Admitted based on the representations of Plaintiff.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted that CCRC OPCO-FREEDOM SQUARE, LLC conducted and engaged in business activities within the State of Florida; otherwise denied.

8. Denied.

9. Denied.

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

14. Admitted that HCP conducted and engaged in business activities within the State of Florida; otherwise denied.

15. Denied.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Admitted.

21. Denied.

22. Admitted that BKD TWENTY-ONE MANAGEMENT COMPANY, INC. conducted and engaged in business activities within the State of Florida; otherwise denied.

23. Denied.

24. Admitted.

25. Admitted that AMERICAN RETIREMENT CORPORATION conducted and engaged in business activities within the State of Florida; otherwise denied.

26. Denied.

27. Denied.

28. Admitted.

29. Admitted.

30. Admitted that LIFE CARE SERVICES LLC conducted and engaged in business activities within the State of Florida; otherwise denied.

31. Denied.

32. Admitted.

33. Admitted that CYNTHIA AYALA conducted and engaged in business activities within the State of Florida; otherwise denied.

34. Denied.

## FACTUAL ALLEGATIONS

35. These allegations do not pertain to these Defendants. To the extent a response is required, denied.

36. These allegations do not pertain to these Defendants. To the extent a response is required, denied.

37. These allegations do not pertain to these Defendants. To the extent a response is required, denied.

38. These allegations do not pertain to these Defendants. To the extent a response is required, denied.

39. These allegations do not pertain to these Defendants. To the extent a response is required, denied.

40. These allegations do not pertain to these Defendants. To the extent a response is required, denied.

41. Denied, including subparts (a) through (c).

42. These allegations do not pertain to these Defendants. To the extent a response is required, denied.

43. These allegations do not pertain to these Defendants. To the extent a response is required, denied.

44. These allegations do not pertain to these Defendants. To the extent a response is required, denied.

45. Denied, including subparts (a) through (f).

46. Denied, including subparts (a) through (d).

47. Denied.

48. Admitted.

49. Denied.

50. Denied.

51. Denied, including subparts (a) through (p).

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Admitted.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## CORPORATE BACKGROUND

71. Denied

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## CORPORATE CONDUCT AND JOINT VENTURE

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

## COUNT I: BREACH OF FIDUCIARY DUTY
### As to Defendants CCRC OPCO - FREEDOMSQUARE, LLC and CYNTHIA AYALA

108. Defendants re-state and incorporate herein by reference their responses to paragraphs 1 through 107 above.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied, including subparts (a) through (c).

131. Denied.

132. Denied.

**COUNT II: AIDING AND ABETTING BREACH OF FIDUCIARY DUTY**
**As to Defendants HCP; BROOKDALE SENIOR LIVING, INC.; BKD TWENTY-ONE MANAGEMENT COMPANY, INC.; AMERICAN RETIREMENT CORPORATION; and LIFE CARE SERVICES, LLC**

133. Defendants re-state and incorporate herein by reference their responses to paragraphs 1 through 132 above.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied, including subparts (a) through (h).

142. Denied.

143. Denied.

144. Denied.

145. Denied.

9

## COUNT III: VIOLATIONS OF FLORIDA STATUTES §415.1111
### As to Defendants HCP; BROOKDALE SENIORLIVING, INC.; BKD TWENTY-ONE MANAGEMENT COMPANY, INC.; AMERICAN RETIREMENT CORPORATION; and LIFE CARE SERVICES, LLC

146. Defendants re-state and incorporate herein by reference their responses to paragraphs 1 through 3, 9, 10, 12, 15, 16, 19, 20, 23, 24, 26, 28 and 31 above.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

## COUNT IV: VIOLATION OF FLORIDA'SDECEPTIVE AND UNFAIR TRADE PRACTICES ACT, § 501.201 *ET SEQ*.
### As to Defendants CCRC OPCO – FREEDOM SQUARE, LLC; HCP; BROOKDALE SENIOR LIVING, INC.; BKD TWENTY-ONE MANAGEMENT COMPANY, INC.; AMERICAN RETIREMENT CORPORATION; and LIFE CARE SERVICES, LLC

156. Defendants re-state and incorporate herein by reference their responses to paragraphs 1 through 107 above.

157. Denied.

158. Section 501.204(1), Florida Statutes, speaks for itself; otherwise denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are subject to Federal Immunity pursuant to 42 U.S.C. § 247d-6d(a)(1) and therefore removable insofar as Plaintiff's Complaint alleges a Federal Question.

2. Defendants affirmatively assert that under 42 U.S.C. § 247d-6d(a)(1), they are covered persons and therefore immune from suit and liability with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration of or the use by Defendants of "covered countermeasures" as defined in 42 U.S.C. § 247d-6d(i)(7) and 42 U.S.C. § 247d-6b(c)(1).

3. Defendants affirmatively assert that Donald Jack was negligent and that his negligence was the sole cause or contributed substantially to causing the alleged damages. Donald Jack's negligence is a bar to any claim for damages brought by Plaintiff. Alternatively, his negligence should proportionately reduce any recovery by Plaintiff in this case.

4. Defendants affirmatively assert that they are entitled to a set-off for all sums paid, payable, or due to be paid to or on behalf of Plaintiff from any source considered to be a collateral source, including, but not limited to, health or accident insurance companies, life insurance companies, workers compensation insurance

companies, Social Security Administration, or those whose acts or omissions caused or contributed to Plaintiff's damages.

5. Defendants affirmatively assert that the injuries and damages alleged by Plaintiff are as a result of acts or omissions by other persons, corporations, or professional associations or entities other than Defendants, for which Defendants had no control, and are not responsible.

6. Defendants affirmatively assert that they are entitled to a set-off for any past awards, verdicts, settlements, disability ratings, disability payments, Medicare payments, Medicaid payments, or any other awarded income pertaining to Plaintiff's claim or for any of the damages asserted within Plaintiff's Complaint.

7. The injuries alleged in the Complaint were caused by conditions outside the scope and control of these Defendants, and therefore, Plaintiff cannot recover against these Defendants.

8. Defendants affirmatively assert that they are entitled to have Plaintiff's damages, if any, apportioned amongst all persons or entities responsible pursuant to §768.81, Florida Statutes and the applicable case law found in *Messmer v. Teachers Insurance Company*, 597 So. 2d 10 (Fla. 5th DCA 1991) and *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993) and subsequent case law interpreting same.

9. Defendants affirmatively assert that Sections 400.023 through 400.0238, Fla. Stat. provide the exclusive remedy for a cause of action for recovery of damages for the personal injury or death of a nursing home resident arising out of negligence or violation of resident rights specified in Section 400.022, Fla. Stat.

10. The care and treatment provided by Defendants met standards set forth in Chapter 400 of the Florida Statutes, as well as the standards of care prevailing amongst similar facilities in this community.

11. Defendants affirmatively state that they did not deprive Plaintiff of any of his resident's rights under section 400.022, Fla. Stat., and therefore, Plaintiff cannot recover against Defendants.

12. The alleged injuries and/or damages complained of by Plaintiff, if any, were not foreseeable by these Defendants.

13. Defendants' alleged actions followed full disclosure to and the consent of Donald Jack and his personal representative, plenary guardian, or attorney-in-fact.

14. While the Defendants completely deny all allegations of negligence and/or misconduct contained within Plaintiff's Complaint, were Plaintiff to demonstrate that the resident suffered any injury as a result of a deviation from the applicable standard of care and/or resident's rights violation with regard to the care and treatment the resident received at the facility, said negligence and/or violation of resident's rights may only be imputed to the facility licensee, as the facility licensee maintains operational control over the day-to-day operations of the facility whereas control, if any, exerted by any of the other Defendants would be strictly limited to policy level control, as those terms are defined under applicable Florida law. As such, the members, managers and/or managing members of the Defendant Limited Liability Companies are limited and/or shielded completely from liability pursuant to Section 605.04093(1), Florida Statutes.

15. Plaintiff's Complaint and claims fail to state a claim upon which relief may be granted for the total lack of any scientific or medical evidence linking the transmittal method of COVID- 19 to the presence or absence of any preventive measures such that the alleged negligence and alleged injuries sustained were preventable by Defendants.

16. These Defendants are not liable to Plaintiff as any injury or damage that Donald Jack may have experienced was solely and proximately the result of causes other than the acts or failure to act of these Defendants, including but not limited to an intervening, superseding cause for which this Defendants are in no way liable. Plaintiff is therefore not entitled to recover from Defendants in this action.

17. Defendants specifically deny that they were negligent in any manner and specifically deny that Defendants put either Plaintiff or other residents of Seminole Pavilion in danger of contracting COVID-19.

18. Plaintiff's claims are barred because any alleged conduct on the part of Defendants was made in good faith and as part of Defendants' efforts to comply with its obligations, if any, under the law in preventing the spread of COVID-19.

19. Defendants reserve the right to add affirmative defenses upon the discovery of additional facts.


Respectfully submitted this 15th day of July, 2020.

*QUINTAIROS, PRIETO, WOOD & BOYER, P.A.*

/s/ Robin N. Khanal _____
ROBIN N. KHANAL, ESQUIRE
Florida Bar No.: 0571032
CHRISTOPHER E. BROWN, ESQUIRE
Florida Bar No.: 0071568
255 S. Orange Avenue, Suite 900
Orlando, Florida 32801
Tel: (407) 872-6011
Fax: (407) 872-6012
RNK.pleadings@qpwblaw.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JESSICA GUNTER,

    Plaintiff,

v.                                           Case No: 8:20-cv-1546-T-36TGW

CCRC OPCO- FREEDOM SQUARE, LLC,
HEALTHPEAK PROPERTIES, INC.,
BROOKDALE SENIOR LIVING, INC.,
BKD TWENTY-ONE MANAGEMENT
COMPANY, INC., AMERICAN
RETIREMENT CORPORATION, LIFE
CARE SERVICES LLC and CYNTHIA
AYALA,

    Defendants.

_____

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANTS' ANSWER AND AFFIRAMTIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following parties of record below and by depositing a true copy of the same in the U.S. Mail, with adequate postage affixed thereon, addressed as follows:

                        Bennie Lazzara, Jr.
                        James L. Wilkes, II
                        Jason R. Delgado
                        Wilkes & McHugh, P.A.
            1 N. Dale Mabry Highway, Suite 700
                      Tampa, Florida 33609

Respectfully submitted this 15th day of July, 2020.

*QUINTAIROS, PRIETO, WOOD & BOYER, P.A.*

/s/ Robin N. Khanal
ROBIN N. KHANAL, ESQUIRE
Florida Bar No.: 0571032
CHRISTOPHER E. BROWN, ESQUIRE
Florida Bar No.: 0071568
255 S. Orange Avenue, Suite 900
Orlando, Florida 32801
Tel: (407) 872-6011
Fax: (407) 872-6012
RNK.pleadings@qpwblaw.com
*Attorneys for Defendants*